Parsons, C. J.
The admission of paroi evidence by the judge to prove the contents of certain promissory notes said to be lost is objected to on exceptions filed by the defendant; and for this cause a new trial is moved for.
After hearing the parties, we are all satisfied that the evidence was properly admitted. By law the plaintiffs, after they had been delivered to the jury in evidence, had no longer the custody of the notes; but they were intrusted to the care of the clerk of this court; and it appeared from his testimony that they were lost, and that he could not find them. This was a proper case to let in evidence of the contents; and that the evidence to prove the con tents was proper is not denied.
The defendant’s counsel have argued against the admission of the copies, because they were not proved to be taken before the loss of the original; and his argument is founded on principle, if the copies were produced to prove the contents of the originals. But he seems to be mistaken in the point. The copies were produced to have the confession of Clap the endorser written on them, that he believed them to be true copies, and that the originals were lost, for the use of the defendant if *he should [*104] have ocfeasion to resort to the endorser for a remedy; and not to prove the contents of the notes in this action.
Since the last trial the clerk has found the originals, and on examination it appears that the contents were truly testified to by the witnesses.
If the judge had in fact erred, there can now be no ground for a new trial, as complete justice has been done (a). We are, however, satisfied that the evidence objected to was properly admitted, under the circumstances of the case, as they then appeared.

Judgment according to verdict.

 Newell vs. Hopkins, 6 Mass. 330. — Brazier & al. vs. Clapp, ante, 1.