## ELISHA F. FALES *et al. versus* WILLIAM O. RUSSELI *et al.*

Where a negotiable promissory note, endorsed in blank, was stolen from the holder before it was due, it was *held*, that he might nevertheless recover the amount from the maker, in an action at common law, on filing a sufficient bond for his indemnification.

This Court, as a court of law, has authority, in such case, to prescribe a reasonable security for the defendant's indemnification.

ASSUMPSIT upon two joint and several promissory notes, dated June 29, 1832, made by the defendants, and payable to E. W. Calef or order, in nine months from the date, one note being for the sum of $313·56, and the other, for the sum of $300. The declaration contained the general counts; but there was no count declaring upon the notes.

By an agreed statement of facts it appeared, that the notes, which had been endorsed in blank by the payee, were on September 10, 1832, stolen from the plaintiffs, who were then the holders; that the notes had never been paid or heard of since the theft, to the knowledge either of the plaintiffs or of the defendants; that immediately after the notes were stolen, the plaintiffs informed the defendants of the fact, requesting them not to pay the notes to any person, but the plaintiffs themselves, or to their order in writing separate from the notes; that notice of the theft was given immediately in the newspapers, cautioning all persons against buying them; and that the plaintiffs had offered to indemnify the defendants against any loss, if they would pay to them the amount due upon the notes.

Upon these facts, the Court were to enter up such judgment for the plaintiffs or for the defendants, as should be conformable to the law of the case, and to order a default or a nonsuit, according as they should determine that the plaintiffs had sustained or failed to sustain their action.

*H. H. Fuller*, for the defendants, cited Chitty on Bills *March 9th.* (6th Engl. edit.) 152, 153, 154; *Pierson* v. *Hutchinson*, 2 Campb. 211; *Powell* v. *Roach*, 6 Esp. R. 76; *Poole* v. *Smith*, Holt's N. P. R. 144; *Bevan* v. *Hill*, 2 Campb. 381; *Dangerfield* v. *Wilby*, 4 Esp. R. 159; *Davis* v. *Dodd*, 4

Fales
v.
Russell.

Taunt. 602 ; *Rowley* v. *Ball*, 3 Cowen, 303 ; *Mayor* v. *Johnson*, 3 Campb. 324 ; *Donelson* v. *Taylor*, 8 Pick. 390.

B. *Sumner*, for the plaintiffs, cited *Meeker* v. *Jackson*, 3 Yeates, 442 ; *Freeman* v. *Boynton*, 7 Mass. R. 486 ; 1 Dane's Abr. 196 ; *Jones* v. *Fales*, 5 Mass. R. 101 ; Chitty on Bills, 157 ; *Peabody* v. *Denton*, 2 Gallison, 351 ; *Fulton Bank* v. *Phœnix Bank*, 1 Hall's (New York) R. 562.

*March 16th.*      SHAW C. J. delivered the opinion of the Court.   There is little doubt, that according to the law as now administered in England and New York, it would be held upon the facts of this case, that the plaintiffs could not recover.   But we think it would be on the ground, taken originally, that in such cases it is much better for parties to go into chancery, where all the circumstances of the loss of the securities can be better investigated, and the suitable indemnities for the defendants better estimated and adjusted ; and having been so held in many instances, the rule has become established by precedent, that an action at law will not lie.   If this rule is adopted for convenience, and is not founded upon principles which exclude the action of a court of law, then it will not apply where there is no such remedy in chancery.   Considering the question in this view, we think that without usurping the powers of a court of equity, and upon well established common law principles, we can afford the plaintiffs a remedy.

The objection to the plaintiffs' recovery is, that they cannot produce and file the notes.   Is this conclusion correct ?   The delivery up of notes and other negotiable securities, upon payment of them, and the filing of them in court, on obtaining judgment, are not conditions precedent of the right to recover in either case.   That right depends upon other grounds.   The delivery up of the note in the one case, and the filing it in the other, is only that reasonable acquittance and discharge, adapted to the nature of the obligation performed, which any man, upon making satisfaction of a demand against him, is reasonably entitled to have.   Inasmuch as it is payable to any holder, the actual surrender of the security upon payment is the proper and suitable acquittance.

I have said that the right to receive depends upon other grounds, to wit, that the note was made by the defendants,

payable to the payee or order, that it was duly endorsed by him to the plaintiff, who became the *bon i fide* holder. All these must appear, and in general the presence of the note is necessary to enable the plaintiff to prove them; but they may be proved without producing the note, and in the present case they are admitted. The plaintiffs having proved title in themselves, by a well known rule of evidence, such title will be presumed to continue, till a transfer, release, or satisfaction is shown. Upon a case like this, where a note has been lost after it was due, it has often been held, that a plaintiff is entitled to recover without the note. *Jones* v. *Fales*, 5 Mass. R. 101. But the title is in fact the same; the only difference is, that the defendants are exposed to greater risk in the one case than in the other, because, if lost before it was due, there is a possibility that it may have been negotiated to a *bonâ fide* holder in the ordinary and regular course of business, before it was due. But as this does not affect the plaintiff's title or his actual and real interest in the debt and in the security according to its tenor, but only leaves the defendant exposed to a hazard which, according to mercantile law and the usage of trade, it is not understood that he is to take, we think he ought to be protected; and this Court, as a court of law holding a just regulating power over the judgments and proceedings before them, have authority to prescribe an equivalent security to the defendants, by a sufficient and reasonable indemnity.

To illustrate this view, let us consider a suggestion made by one of the Court, at the argument, in the form of a query, whether it would not be competent for the Court, in the exercise of a just judicial discretion, to continue this action from term to term, until the statute of limitations should become a bar to any action by any other holder. It cannot admit of any reasonable doubt, that this would be within the power of the Court; and cases may be imagined in which this would be a proper remedy. But what would this imply? Not that the production of the note is a condition precedent to the right of recovery; because at the end of six years the plaintiff must recover upon the legal right of action which he had when the suit was commenced, or not at all. But it must be on the

Fales<br>
*v.*<br>
Russell.

ground, that the lapse of time and the statute of limitations, would afford to the defendants, on rendering judgment against them, a security against the re-appearance of the note, equivalent to that usually obtained by the production and surrender of the note. Still it would not be the same identical security, which the general rule of law requires. If that can be done, it seems difficult to conceive any good legal reason, why other ample and equivalent security may not be substituted.

Considering it in this view, that the production of the note is not essential to the plaintiff's title, but only to the defendant's reasonable security, it appears to us, that the objection, that a court of law has no jurisdiction to order, or to judge of the sufficiency of an indemnity, is rather ideal, than solid, and ought not to prevail when the consequence would be an entire failure of justice. On the whole, the Court are of opinion, that on filing a sufficient bond of indemnity, with sureties, the plaintiffs will be entitled to recover.

*Defendants defaulted.*