# NEWELL STURTEVANT *versus* ALEXANDER H. ROBINSON.

Where a writ of *scire facias* against a trustee has been lost, the plaintiff may be permitted to file a copy as a substitute.

And if an office copy cannot be obtained for that purpose, the next best evidence is admissible : thus, where the plaintiff's attorney stated, in his affidavit, that he had made out a paper, partly from a *scire facias* against another trustee in the original suit, and partly from memory, and that he believed it was either an exact copy or substantially a copy of the lost writ, it was *held*, that leave of court to file such a paper as a substitute, might rightfully be granted.

After the defendant in a *scire facias* has appeared and answered to the writ, it is too late for him to object that it did not designate any time and place for his appearance.

The circumstance that, by a contract between the principal defendant and one summoned as his trustee, money due from the latter to the former is payable in another State, does not prevent it from being liable to attachment on the trustee process.

Where a person owing money to the defendant, paid it over, without any authority, to a creditor of the defendant, and was then summoned as trustee of the defendant, and the defendant afterwards ratified the payment, it was *held*, that the ratification was ineffectual, and that the party summoned was chargeable as trustee.

SCIRE FACIAS against Robinson, as trustee of William M. Hussey. Robinson had been defaulted in the original action.

At the Court of Common Pleas for Nantucket, June term 1835, judgment was rendered for the plaintiff against the defendant (Robinson,) on the *scire facias*, and the defendant appealed to this Court.

At the same term of the Common Pleas exceptions were filed by the defendant and allowed.

The bill of exceptions stated, that the plaintiff moved for leave to file a new writ of *scire facias*, the original *scire facias* having been mislaid ; and that this motion was accompanied by the affidavits of Charles K. Whitman and Benjamin Gardner, which were to be referred to as a part of the bill of exceptions. The affidavit of Whitman, which was written on the back of the new writ proposed to be filed, set forth, that he made the writ of *scire facias* which was lost, that at the same time he made a writ in the case of Newell Sturtevant against George B. Upton, which was a *scire facias* founded upon the same original action, and that by means of that writ and his own memory he had made out the within writ, which he believed to be either an exact copy of the lost writ or substan-

tially a copy.  The affidavit of Gardner, late clerk of the courts for the county of Nantucket, stated, that when he was clerk he made diligent search among the files of the Court of Common Pleas for a writ of *scire facias* of Sturtevant against Robinson, but did not find it.

The Court of Common Pleas, (*Strong* J. presiding,) on the ground that this was a judicial writ, and not an original writ, allowed the plaintiff's motion, and the new writ was filed accordingly ; and it was to this decision that the defendant filed his exceptions.

The new writ, according to a certified copy produced by the defendant, was dated the *tenth* of September, eighteen hundred and thirty *five*, and it set forth, that at the Court of Common Pleas held at Nantucket on the first Monday of June, 1834, Sturtevant recovered judgment for the sum of $89·62 damage, and $11·68 costs of suit, against the goods and effects of Hussey in the hands of Robinson as agent and trustee of Hussey ; that Sturtevant, on the 6th of "June last past," took out an execution upon the judgment ; that on the same day the execution was delivered to the sheriff, who on the same day required Robinson to expose and subject the goods, effects and credits of Hussey in his hands, to be taken in execution for the satisfaction of the judgment, and that Robinson refused to turn out any except the sum of ten cents, whereupon the sheriff returned *nulla bona* of Hussey in his precinct or in the hands of Robinson, except ten cents ; and the writ commanded the sheriff or his deputy to make known to Robinson, that he appear before the Court of Common Pleas, (not naming any time and place when and where the court was to be held,) and show cause why judgment should not be entered against him *de bonis propriis*, for the amount of the judgment.

The plaintiff subsequently produced another certified copy of the new writ, according to which the writ was dated the *thirteenth* of September eighteen hundred and thirty *four*, but it did not state any time or place for the sitting of the court at which Robinson was required to appear.  The officer's return (according to a certified copy) stated that he served the *scire facias* on the defendant, on the 22d of September, eighteen hundred and thirty *four*.

By certified copies of the return on the original writ, which was against Hussey as principal defendant, and Robinson and George B. Upton as trustees, it appeared that Upton was summoned at 11 A. M., and Robinson at 12 M., on the 28th of April, 1834. The clerk also certified, that judgment was rendered for the plaintiff, in the Court of Common Pleas, at the term held at Nantucket on the first Monday of June, 1834 ; and that the execution was issued on the 6th of the same June, and was returned on the 11th, satisfied in part, to wit, by ten cents received of Upton and ten cents received of Robinson.

At the October term, 1834, of the Court of Common Pleas for Nantucket, to which the *scire facias* was returned, Robinson filed his answers, in which he disclosed, that he had ten barrels of oil belonging to Hussey ; that on Saturday, the 26th of April, 1834, Hussey proposed to him to purchase the oil, and gave him a bill of parcels receipted ; that the respondent was to pay him the money in New York ; and that on Monday the 28th, between 11 and 12 o'clock, he paid for it by giving his negotiable note to Upton for the price ; that he paid Upton, because Hussey was indebted to Upton in a considerable amount ; and that the payment was made without Hussey's consent at the time, but that he had since ratified it.

The case was argued in writing.

*C. P. Curtis* and *B. R. Curtis*, for the defendant, contended that the Court of Common Pleas erred in permitting the paper to be filed as and for the writ of *scire facias*, because from the manifold errors in it, it did not appear to be even a substantial copy, much less a true and exact copy.

The supposed copy does not contain any statement of the time and place of holding the Court, to which the defendant is summoned to appear. Probably the original did contain them, because the sheriff returns that he has summoned the defendant to appear " at the time and place *within* mentioned."

Is there any precedent for such an act of filing a substantial copy ? Does it not make the attorney the judge of what is substantial and what is form ? *Petrie* v. *Benfield*, 3 T. R. 476.

The defendant objects to the admission of the papers lately obtained by the plaintiff and purporting to be copies of the writ, &c. There seems to be no reason for presuming them

Sturtevant
v.
Robinson.

to be more exact copies of the original record, than those furnished to the Court by the clerk.

The trustee is entitled to his discharge ; 1. Because his contract was not to pay the debt at Nantucket, but at New York. He cannot be compelled to pay it elsewhere than where he contracted to pay it. *Jewett* v. *Bacon*, 6 Mass. R. 60 ; *Kidder* v. *Packard*, 13 Mass. R. 80. — 2. Because he has discharged the debt by payment to Upton. Hussey's ratification was equivalent to a previous authority. *Cushman* v *Loker*, 2 Mass. R. 106 ; *Maclean* v. *Dunn*, 4 Bingh. 722. The intervening attachment will not prevent the effect of the ratification. *Pratt* v. *Putnam*, 13 Mass. R. 361 ; *Beals* v *Allen*, 18 Johns. R. 367 ; 1 Phil. Ins. 519, and cases cited ; 2 Phil. Ins. 358, 359 ; *Marr* v. *Plummer*, 3 Greenl. 73.

*Rand* and *Fiske*, for the plaintiff, to the point, that a copy of the *scire facias* was rightfully allowed to be filed, cited *Jones* v. *Fales*, 5 Mass. R. 101 ; *Thatcher* v. *Miller*, 13 Mass. R. 270.

July term
1836, at
Nantucket.

PUTNAM J. delivered the opinion of the Court. Two questions arise in this case : 1. Whether the Court of Common Pleas erred in permitting a copy of the writ of *scire facias* to be filed, to supply the loss of the original ; 2. Whether the defendant shall be charged as trustee of William M. Hussey.

And several objections have been made, some of them tending to show that the copy which was allowed to be filed was inconsistent with itself in regard to dates, and mainly, that the court should not have permitted any copy to be filed, however correct it might be.

Now the plaintiff produces copies from the clerk, which are of later date than those produced by the defendant, reconciling the proceedings so far as relates to any inconsistency of dates.

But in the correct copy there is no time mentioned for the holding of the court to which the defendant was summoned to appear. That was a good cause for abatement, if a proper plea had been filed in. But the defendant made no plea or objection in abatement, and it is too late to do so after appearance and answering.

The *scire facias* is a judicial writ, which is issued by the clerk, and it is within the power and duty of the court to

amend it, if it should not conform to the original record of the judgment.

We know by the records, that there was a judgment rendered in the original suit between the parties. There is something to amend by. And we are all satisfied, that the defendant has waived all objection in regard to matter of form, touching this process.

The more material objection is, that the paper which was permitted to be filed as a substitute, was only what the attorney of the plaintiff supposed to be a substantial copy of the original ; so that the attorney is made the judge of what was mere form and what was truly the substance of the writ.

But the loss of the original writ should not operate as the loss of the judgment. It would be as correct to say, that the loss of an original deed should affect the grantee's title to the land. If the paper which has been lost can be supplied by a certified copy, it would be more satisfactory than if it were supplied by one supposed to be substantially like the original. But if no such certified copy can be produced, the next best evidence, which is reasonably considered as containing the substantial contents of the lost paper, should be received. In *Jones* v. *Fales*, 5 Mass. R. 101, the attorney who made the original writ was permitted to prove the contents of the original notes declared upon, or copies of the same, by a reference to the declaration, which was made from the originals or copies.

We are all satisfied, that the Court of Common Pleas very properly allowed the motion of the plaintiff's attorney, to supply the loss of the original writ ; and that the defendant cannot be permitted to make any objections to the want of form, after having proceeded to answer it. *Peter* v. *Benfield*, 3 T. R. 476.

As to the question whether the defendant shall be charged, it would seem that he has admitted, by his default in the original action of *Sturtevant* v. *Hussey and Trustee*, that he had some goods, &c. of Hussey in his hands, so that the examination now would be confined to the amount. The defendant's counsel have argued, that he ought to be discharged, because the money was to be paid in New York, and that the

defendant cannot be compelled to pay at any other place The same objections were made in the case of *Blake* v. *Williams and Trustees*, 6 Pick. 315. They, by the course of business, were to remit to Williams the balances due to him on account; but it was held, that the money was liable to the foreign attachment here. But the trustee would be entitled to the benefit of the exchange, if it were in favor of the United States, and would be liable for so much as would produce the amount of the money due at the place where it should be paid.

And we apply the same rule to the case at bar.

But the material and second objection against the plaintiff's recovery is, that the defendant paid the debt before the attachment, to one George B. Upton, which payment has been ratified by Hussey.

The facts are, that the defendant bought ten barrels of oil of Hussey, the original defendant, on the 26th of April; that on the 28th, between 11 and 12 o'clock, A. M., the defendant paid the money to George B. Upton, without any order or authority from Hussey; that at 12 meridian of the 28th, the service was made upon the defendant; and that afterwards Hussey ratified the payment, so far as his power to ratify extended.

The cases cited by the defendant's counsel, we think, do not sustain this position, for which he contends. At the time when the writ was served on Robinson, Hussey had not assigned the debt due to him from Robinson, and the *jus disponendi* was taken away by the attachment. He was not at liberty, after the attachment, to prefer Upton to Sturtevant, and the payment to Upton by Robinson, without the authority of Hussey, was, so far as it regarded the plaintiff, a void act. The subsequent ratification might be valid as between the parties to it, but could not affect third persons. It would not transfer the property until an actual ratification should take place, any more than a sale of personal property would be valid against third persons without a delivery. The business was not completed, and the creditor by his attachment put it out of the power of his debtor to carry it into effect.

The judgment is to be entered up for the plaintiff, for the

amount of the sum due for the oil, with interest since the time when the defendant was defaulted in the Court of Common Pleas.

The rate of exchange between Nantucket and New York, at the time when the money was payable, is to be taken into the account.

And the plaintiff is to recover his costs against the defendant.