Hornblower, C. J.
The causes of demurrer are: First, That it does not appear by the bill, that the plaintiffs are a corporation, or have any legal capacity to sue.
The plaintiffs sue by the name of “ The Bennington Iron Com- *159 party,” but do not call themselves, a corporate body, nor aver that they are such. There seems to be some conflict in the books, on the question whether a corporation must prove themselves to be such, ou a plea of the general issue : or whether a defendant, by pleading to the merits, admits their capacity to sue. Mr. Kyd in his treatise on corporations, vol. 1, pp. 291, 292, seems to be of opinion, that a corporation, on the general issue pleaded by the defendant, must prove their corporate existence. It was certainly so held by Ld. Chan. King, in Henrigues v. The Dutch West India Co. as reported in 2 Ld. Raym. 1535. It has been, I believe, uniformly so held by the Supreme Court of New York. The Bank of United States v. Haskins, 1 Johns. Cases 132; Jackson v. Plumbe, 8 Johns. JR. 376; The Dutchess Colton Manufactory v. Davis, 14 Johns. R. 238. In The Bank of Auburn v. Weed, 19 Johns. R. 300, the question came directly before that court, on a general demurrer to a plea of nul tiel corporation ; and though it was admitted to be according to the ancient form of pleading in such cases; yet, the court said it was contrary to the principles of good pleading in modern times, since it attempted to put in issue by a special plea in bar, a fact, which the plaintiffs were bound to prove in the first instance. The plea was therefore overruled, as amounting only to the general issue. Again, in The Bank of Utica v. Smalley et al., 2 Cowen R. 770, it was expressly decided, that the plaintiffs must prove themselves to be a corporation, upon a plea of the general issue : and in Wood v. The Jefferson Co. Bank, 9 Cowen R. 194, 205, the samo rule was adhered to. The defendant, in that case, pleaded first, non assumpsit, and secondly nul tiel corporation. To this latter plea, the plaintiffs replied specially, and issue was joined : but it was held by the court, that the plea itself was bad, as amounting only to the general issue, and that the issue joined upon it was immaterial. “ It is well settled ” the court say, “ that a corporation must, upon a plea of the general issue, prove the existence of the corporation.” So too it was held in The Utica Ins. Co. v. Tillman, 1 Wend. R. 555; and I am not aware that the rule has ever been departed from in that state. In England, the same doctrine, so far as I can discover, prevails. In The Company of Carpenters &c. v. Hayward, Dougl. 359, which was an action on the case, the plaintiffs were obliged to *160 prove themselves a corporation, the case as reported does not distinctly state what the plea was: but it seems to have been the general issue. And it is clear, that in the case of The Mayor &c. of Linn Regis v. Payne, 10 Co. 120, in which the general issue only was pleaded, the name and existence of the corporation, was the principal matter inquired into.
But in Conrad v. The Atlantic Ins. Co. 1 Peters’ R. 450, Mr. Justice Story says, “ by pleading to the merits, the defendant necessarily admitted the capacity of the plaintiffs to sue. I-f he intended to take the exception, it should have been done by plea in abatement; and his omission to do so was a barrier of this objection.” Ifbyaplea in abatement, the Judge means, that kind of dilatory plea, which is strictly speaking, a plea in abatement, as distinguished from pleas to the jurisdiction : and pleas to the disability of the plaintiff, 3 Bl. Com. 301; Gould’s pl. 229, section 10, then I do not see, how the entire incapacity of the plaintiffs to sue at all, would be matter for a plea in abatement. Such plea must always give the plaintiff a better writ: Gould’s pl. 254, sec. 67; 3 Bl. Com. 302. If the plaintiffs were not a corporation, they- could not sue at all, as such; and the plea could not give them a better writ. If therefore, a corporation is not bound to prove its existence upon the general issue ; I see no way in which a.defendant can compel the plaintiffs to such proof, but by pleading, nul tiel corporation, which like the plea of no such person in rerum natura, to an action brought by a natural person, is a plea, to the disability of the plaintiff. Such pleas are not correctly speaking, pleas in abatement, for the former pleas, sometimes go to defeat the suit entirely: and sometimes only to suspend it, until the disability be removed. Gould’s pl. 239, sec. 31; Id. 250, sec. 58; Id. 251, sec. 60. In The Mayor &c. of Stafford v. Bolton, 1 Bos. and Pul. 40, which was an action on the ease, the plea was not guilty : on the trial, the plaintiffs gave in evidence their charter of incorporation. The defendants objected, that there was a variance, between the name of the corporation, in the charter, and that in the declaration ; upon which the plaintiffs were nonsuited. But this nonsuit was set aside by Eyre Ch. J. and all the Judges, upon the ground, that it was a mere misnomer, and that the vai’iance might have been, and therefore, ought to have been, pleaded in abatement *161 So, in The Bank of Utica v. Smalley, et al. 2 Cowen, 770, the plaintiffs were incorporated by the name of “The President, Directors and Company” of &c.; but the suit was brought by “ The President and Directors” of &c.: a majority of the court held, that it was a mere misnomer: and ought to have been pleaded in abatement; but Savage, Chief Justice was of opinion, that the variance was fatal on the general issue: and then again, I remember an ejectment, many years ago, tried before Ch. Justice Kirkpatrick in the Essex Circuit, on the demise of The .Rector Church-wardens and Vestry-men of Trinity Church al Newark: upon producing the charter, it appeared, that after the word “ Newark ” was added, “ elected and chosen according to the canons of the church of England, as by law established.” The latter words, the Ch. Justice held to be part of the corporate name; and non-suited the plaintiff.
In Burnham v. Strafford Savings Bank, 5 New H. R. 446, it was hold, by Richardson, Ch. J. that a misnomer in the ease of a corporation, must be pleaded in abatement: but that a material and substantial mistake of the name, will not warrant any proceedings. It cannot be regarded, in such case, as a suit, (by or) against a corporation ; and see 5 Mass. R. 94; 10 Id. 360; 2 N. Hamp. R. 313; 5 Mass. R. 101; 2 Stark, evid. 424.
I have extended my researches and my remarks, on this point, (further perhaps than was necessary,) because the question, has not, so far as I know, been settled in this state, whether a corporation plaintiff must prove its existence under the general issue ; or whether it can only be compelled to such proof, by a plea of mil tiel corporation. But be this as it may, (and on this point I give no opinion,) it is now well settled, that a foreign corporation, public or private, may maintain a personal action in our courts: and that it is not necessary in any case, whether of a public or private corporation, foreign or domestic, to set out in the declaration, the manner of its creation. Several of the cases, already cited, establish these positions. In The Portsmouth Livery Co. v. Watson et al. 10 Mass. R. 91, the defendants pleaded, in abatement, that plaintiffs were not incorporated, by the legislature of Massachusetts, or under any authority of that state. Upon a general demurrer to that plea, the court said, that the principle assumed by the plea, had no foundation in any maxim, *162 or in any argument of public convenience or policy: that in many instances, and for many purposes, foreign corporations were recognized : especially those created by the laws of any of the United States; that, of the existence of public corporations within the state, the court must take judicial notice, as they must of all other public statutes: and as to private corporations of that state, and all foreign corporations, whether public or private, their existence must be proved, by legal evidence, as every other material fact must be proved on an issue to the country. So in the case cited from 1 Johns. Cas. 132, the defendant pleaded, in abatement, that plaintiffs had not set forth any charter, or act of incorporation ; but it was held to be unnecessary, and the plea was overruled.
But still it is insisted, and such is the doctrine assumed by the demurrer in this case, that the plaintiffs must call themselves, a body politic and corporate, or aver themselves to be such. In the forms and books of entries, as well as in our own practice, the precedents are both ways: but since a corporation may sue, without setting forth in the declaration how, when or by what authority, they were incorporated, why should it be necessary to aver the fact, that they are incorporated at all ? Why not sue generally, in their corporate name; since, either, upon the general issue, or upon a plea of nul tiel corporation, or a plea in abatement, which ever, upon advisement, may be deemed the proper mode of defence; they may be compelled to prove themselves a corporation, by the name, in which they have sued ? Kyd on Corporations, 1 vol. pp. 191,192, after saying that a corporation need not show how they were incorporated, adds: “ for if the name be proper for a corporation, that argues, (indicates,) that they are such thus plainly intimating his opinion, that they need not call or aver themselves to be a corporation.
It is said, however, the words, “ The Bennington Iron Company ” do not import a corporation. It seems to me very immaterial whether they do, or not: the plaintiffs, have a legal existence and capacity to sue by the name they have used ; or they have not; and if the defendant questions their corporate existence or capacity to sue by that name, he may, in one of the ways, I have mentioned, compel them to prove by legal and competent evidence, their corporate existence and their name. It would not be difficult to mention some natural persons, whose names *163 as little import, that they are such, as that of the plaintiffs in this cause, does their existence as a corporation. Yet in a suit brought by one of those persons, it would not be necessary for him to aver that he was a human being.
In Reese v. C. Bank, 5 Rand. Virg. R. 326, and in The Bank of Marietta v. Pendall, 2 Rand. R. 405, as they have been condensed by Wheeler in 3 Amer. Com. Law, 474, it was held, that in a suit by a corporation, it need not be averred in the declaration, that they are incorporated and have a right to sue ; because the question whether or not they are a corporation, may be put in issue by a plea, or inquired into upon the general issue. The same point has been expressly ruled by the Supreme Court of Indiana, in Harris v. The Muskingum Manufacturing Company, 4 Blackf. R. 267. Upon the authority of these cases, as well as upon the reason of the thing, I am satisfied there is nothing in this exception.
Second, That although the plaintiffs are assignees of the Bond in question, they have not sued by the name of assignees, nor described themselves as such.
This was not necessary; they show themselves to be assignees, by the facts stated in their bill. They do not sue in aliena; jure, but in their own right. The statute gives the assignee of a bond, the right to sue in his own name, and there is no more reason why he should style himself assignee, than there is, that the indorsee of a note or bill, should call himself indorsee. Moffett v. Bolmer, Penn. R. 712, is conclusive upon this point.
Third, That it appears, by the bill, that the plaintiffs are not the immediate assignees of the obligee; but the assignees of the assignee of the obligee.
This objection assumes for its basis, that under our statute, none but the immediate assignee of the obligee, can maintain an action in his own name. But I think otherwise. The statute, Elm. Dig. 354, says, in general terms, that “assignments of bills, bonds, &c. for the payment of money, shall be good and effectual in law: and an assignee of any such, may thereupon maintain an action in his own name : but shall allow all just set-offs &e. not only against himself, but against the assignor, before notice &c. The only question then is, whether the plaintiffs ere assignees: that they are so, if the allegations in the bill are true, *164 cannot be denied. But it is insisted, that the “ assignor,” set-offs against whom, are to be allowed, means the obligee, who must necessarily be the first assignor: and it is urged, that a different construction will lead to great difficulty and confusion in the settlement of dealings between theobligorand the intermediate assignees. This objection I think is more fanciful than solid. The same difficulty, if there is any, existed before the statute. Assignments at the common law, were valid in equity: and courts of law, took notice of them and protected, not only the rights of the assignee, but the equitable rights of all the parties. Butler and Harg. notes on Co. Litt. 132 b. note 145; 1 Vin. Abr 150. Any assignee, however remote from the original assignor, was permitted to sue in the assignor’s name; but the court would take care, that the obligor should be allowed, not only all payments he had made, or set-offs he was entitled to, as against the obligee, but also as against every intermediate owner of the security. So it is now, in the case of promissory notes, without the words “without defalcation or discount” under our statute ; or notes with those words, if negotiated after maturity, or with notice of existing equities. The only effect of the statute in my opinion, has been to permit the assignee, to sue in his own name, instead of using that of the obligee; nor, is there any thing in the language of the statute, or the reason of things, to limit this right to the first assignee. Every successive assignee, is in legal effect, an assignee of the obligee, and entitled to the rights of an assignee. Under the word “ assigns ” at the common law, in all cases, where the legal title or estate belongs to the assignee, is included, the assignee of an assignee, in perpetuum. 1 Jac. Law Dict. 139; Co. Litt. 384, b. note r; Plowd. 288; How v. Whitebanck, Freem. R. 476, A. D. 1678. Since, therefore, our statute makes bonds assignable, and vests the legal title in the assignee, each successive assignee is the assignee, not only of his immediate assignor, but of the obligee, and of each intermediate assignor. This objection must,.therefore be overruled.
Fourth, That the plaintiffs have not stated in their assignment of a breach, that the money had not been paid to the obligees named in the bond ; nor to Isaac Ogden, their immediate assignee.
The plaintiffs expressly aver, that the monev had not been *165 paid to the obligees, when they assigned the bond to Ogden ; and that it had not been paid to Ogden when he made the assignment to the plaintiffs; and that of both these assignments, the defendant had notice, on the days they were respectively made. The money then remained unpaid, when the plaintiffs became the owners of the bond, and they aver, that tire defendant although requested, has not yet paid it. Payment to the obligees, or to Ogden, after the assignments, and notice, would have been no performance; and it certainly cannot bo necessary, to assign, as a breach, the not doing of that, which if done, would have been no performance of the condition, and no bar to the action. There is therefore, nothing in this exception.
Fifth, That the bill does not complain of the defendant as “ present here in court.”
The plaintiffs complain of the defendant, as one of the attorneys of this court. If he is such, he is, by legal intendment, always, as well in vacation, as in term time, “present here in court,” to answer and be answered unto. Those words are utterly useless, and may well be dismissed, along with the words, “ in custody &c.” and their former companions, John Doe and Richard Roe, as was done by Ch. Justice Ewing, in The President &c. of the Bank of N. Brunswick v. Arrowsmith, 4 Halst. 284, 290. It has long been settled, that a bill against an attorney, may be filed in vacation. 2 Archb. Pr. 108; 5 T. R. 173.
Sixth, That the bill does not conclude, with a prayer for relief : but in the common form “ and therefore they bring suit &e.”
This exception was properly abandoned on the argument. A conclusion either way, is good, and the omission of a prayer for relief, is no cause of demurrer. Spencer et al. v. Tomlinson, Barn. Notes, 167; Gilb. Com. Pl. 49; 1 Chitt. Pl. 400; Hennel’s forms in 3d Law. Lib.
This exception, therefore, like all the rest, must he overruled, and judgment be entered for the plaintiffs with costs. Bnfc as some of the questions raised by this demurrer have not hitherto been settled by this court, the defendant has leave to withdraw the demurrer, and plead, upon the usual terms.

Demurrer overruled.

Cited in Marvin v. Bolles, 3 Harr. 365; Allen v. Pancoast, Spencer 72; Moulin v. Trent. Mut. L. & F. Ins. Co., 4 Zab. 244; Austin v. N. Y. & E. R. R. Co., 1 Dutcher 383; Star Brick Co. v. Ridsdale, 7 Vr. 229.