## JACOB F. EATON *vs.* JAMES HALL.

Under the Rev. Sts. *c.* 82, § 12, exceptions may be alleged to the opinion, direction or judgment of the court of common pleas upon an award made under *c.* 114 of the same statutes : The provision, in § 13 of the latter chapter, for a writ of error in such case, is merely cumulative.

Where an award, made under the Rev. Sts. *c.* 114, is returned to the court of common pleas, although the original agreement of submission is not produced and filed, yet the court has jurisdiction of the award, and ought to take cognizance thereof, upon satisfactory evidence that an agreement of submission was signed, acknowledged and certified, conformably to the statute requisitions, and has been lost, and on proof of a copy thereof, or of its contents, so full and complete as to be substantially a copy.

In November 1841, the parties in this case signed and acknowledged an agreement, according to the provisions of the Rev. Sts. *c.* 114, § 2, to refer all demands between them to the determination of three arbitrators named ; and a justice of the peace subjoined to the agreement a certificate that the parties acknowledged before him that said instrument of agreement was their free act. This agreement or rule of submission was delivered to the arbitrators, who met and heard the parties, and signed, sealed up, and returned their award to the court of common pleas, at the December term 1841 ; but the agreement of submission was not found among the papers returned, and could not be found at all, although, (as appeared by affidavits filed in the case,) careful inquiry and search therefor had been made.

The award of the arbitrators was, " that there is justly due from said James Hall to said Jacob F. Eaton the sum of $ 160, and that he recover judgment for the same accordingly, in full satisfaction of all demands between the parties. Costs and expenses to be equally divided between the parties."

The original agreement to enter into the submission was filed in the case by the plaintiff, and also " a true and substantial copy of the rule of submission, verified by the counsel of the said Eaton, who moved for judgment according to the award ; the counsel of the said Hall objecting, because the original rule was not produced." The court of common pleas refused to receive the copy of the lost agreement of submission, or to render any judg-

ment upon said award. Whereupon the said Eaton alleged exceptions.

*D. A. Simmons*, for the plaintiff.

*Wilkinson*, for the defendant.

SHAW, C. J. The first question is, whether this case properly comes before the court, by exceptions taken to the decision of the court of common pleas, in refusing to receive and act upon an award of referees, alleged to have been made under the authority of a justice's rule, pursuant to Rev. Sts. c. 114. It is not now a question of the competency or sufficiency of the evidence, but upon the jurisdiction of this court to inquire, upon exceptions taken and allowed, into the legality of the decision of the court below, in dismissing the application to receive and act upon the award. And we are of opinion that the case is properly brought before this court by exceptions.

It is true that by the Rev. Sts. c. 114, § 13, it is enacted that no appeal shall be allowed from any order or judgment of the court of common pleas upon any award, made under that chapter ; that is, by a justice's rule ; but that any party aggrieved may bring a writ of error. It may be remarked in passing, though not material to the present case, that it is at least questionable whether this provision, prohibiting an appeal, is not repealed by *St.* 1840, c. 87, the jurisdiction act, which provides that any party aggrieved by any judgment of the court of common pleas, founded on matter of law apparent upon the record, may appeal. If, therefore, the objection to an award is, that it is uncertain, not within the submission, or otherwise erroneous ·r matter of law apparent on the record, it would seem that this provision gives a remedy by appeal ; and if so, *pro tanto* it repeals the provision in the revised statutes.*

The argument is, that the Rev. Sts. give a remedy by writ of error, for error either of fact or law, and therefore that exceptions do not lie. But we think this conclusion does not follow. That remedy is not declared exclusive, and there are no nega-

---

* In the case of *Skeels* v. *Chickering*, Essex county, November term, 1843, this point was *decided*, conformably to the intimation above given.

tive words. Then it appears to us, that the provision allowing exceptions is quite broad, and explicit enough to include this case, and that there is no incongruity in regarding them as concurrent remedies. The provision is, (Rev. Sts. c. 82, § 12,) that "any party, aggrieved by any opinion, direction or judgment of the court of common pleas, in matter of law, in any civil action, suit or proceeding whatever, whether it be according to the course of the common law, or otherwise, may allege exceptions." It is a prompt, simple and convenient remedy, less expensive and onerous than a writ of error, and there is nothing to indicate that the legislature did not intend that it should include the case of an award made under the statute. And yet it was highly proper to give an express remedy by writ of error, because, not being a proceeding according to the course of the common law, it might be otherwise doubtful whether error would lie ; and yet a writ of error might be quite necessary in cases where the exceptions should not be seasonably taken and proceeded on.

When a rule is rightly entered into before a justice of the peace, under the statute, and an award is made, and a party presents it to the court of common pleas, that court has jurisdiction. If they reject it, when they ought to receive it, or receive it when they ought to reject it, it is an erroneous direction or judgment in matter of law, and a proper subject for exceptions. We think the case of *Dean* v. *Dean*, 2 Pick. 25, is not an authority opposed to this decision, because as the law then stood, this court had no authority, after deciding the question of law, to remand the cause to the court of common pleas ; and this was the ground, on which that case was decided.

The case of *Endicott*, 24 Pick. 339, was also before the *St.* of 1835, c. 101, § 2, which greatly enlarged the power of this court, and which was followed by the revised statutes ; and it was decided on the same ground with that of *Dean* v. *Dean.* But by the Rev. Sts. as well as *St.* 1835, c. 101, this court may remand the case to the court of common pleas for trial, &c and shall cause such other proceedings to be had in the case as to law and justice shall appertain.

We are then brought to the question arising upon the bill of exceptions. It appears that the court declined to take any cognizance of the cause, on the ground that the original rule of reference was not produced and filed. The question is, whether in point of law the court had jurisdiction of the award, upon satisfactory proof of an original rule entered into before a justice of the peace, and certified by him, conformably to the provisions of the statute, and tnat it was laid before the referees and acted upon by them, without the production of the original, on satisfactory proof of the loss of such original, and proof of a copy, or of the contents so full and complete, as to be sub stantially a copy.

The court are of opinion, that the evidence was competent and ought to have been received, and if the court were satisfied with the proof that the rule was entered into, and the original lost, that the court had jurisdiction.

In *Petrie v. Benfield*, 3 T. R. 476, in a penal action, where the original bill was lost, or taken off the file, the court permit‐ ted it to be supplied by a copy taken by the attorney. In *Jones v. Fales*, 5 Mass. 101, the contents of lost notes were allowed to be proved by parol, on proof of loss of the originals. One reason assigned was, that the originals were left in the custody of the court. In the present case, the original rule was necessarily placed in the custody of the arbitrators, as their authority for proceeding. In *Sturtevant v. Robinson*, 18 Pick. 175, the contents of a lost writ of *scire facias* were allowed to be proved, though it was the foundation of the jurisdiction of the court against the trustee. In *Pruden v. Alden*, 23 Pick. 184, a license to an administrator, to sell real estate, granted by the court of common pleas, though it must have been matter of record, was allowed to be proved by parol, on evidence of loss of the records, although there, the petition, thus proved by pa‐ ·ol, must have been the foundation of the jurisdiction of the court of common pleas, as the rule of submission was in the present case.

It appears to us, that the consideration, that a particular writ‐ ten document constitutes the basis of the jurisdiction of a court,

does not essentially vary the rule in regard to secondary evidence, though it may require more care and vigilance in its application. It is the fact, that a rule was entered into, and authenticated by the act of the magistrate, pursuant to the statute, with an award made upon it, which gives the court jurisdiction. The ordinary proof of this fact is the production of the rule. But we see no reason to take this out of the operation of the rule, which dispenses with the original, and allows of secondary evidence, on proof of its loss. One consideration, already alluded to, seems to favor the application of the rule to such cases, which is this ; that the paper is an official document, not in the custody of the party interested to preserve it safely, but officially in the custody of the arbitrators.

The court are therefore of opinion, that the court of common pleas erred in declining to take cognizance of the cause upon the evidence offered ; but, on the contrary, if it was proved to their satisfaction, that the rule had been entered into in due form of law, and an award made under it, although the original was not produced, but the fact, and a copy, or a substantial copy of the rule was proved by other evidence — satisfactory proof of the loss of the original being first given — that the court had jurisdiction of the cause, in the same manner as if the original rule had been produced. And the order of the court is, that the cause be remanded to the court of common pleas, with directions to receive and consider such proof of loss and the secondary evidence ; and if the rule and contents are proved to their satisfaction, then to proceed and adjudicate on the award.