## No. III.

### WILLIAM B. HAWKINS V. ELIJAH STEVENSON.

*Appeal from Bowie County.*

JONES (WILLIAM J.), JUSTICE.—This was a suit instituted in the District Court of Bowie County by the appellee against the appellant, on a promissory note with a seal attached, payable to the appellee and not negotiable on its face. The appellant, defendant in the court below, plead the general issue, and a verdict and judgment were rendered against him. At the trial term of the cause, the note had been lost and parol testimony was admitted to prove its loss and its original existence. A motion was made to set aside the verdict and grant a new trial on a number of grounds, only one which it is necessary to consider at present, the others being frivolous, except the fourth, which is as follows: "That oral testimony can not be received, as was the fact in this case, to prove the existence of a bond or note under seal, when it is possible that the said bond or note may hereafter be produced."

It has also been assigned, as additional grounds, upon which the judgment of the district court ought to be reversed:

1. That the original existence of the instrument declared upon was not established by the testimony as it is sent up to this court in the statement of facts.

2. That the name of the party plaintiff in the court below was not stated in the petition, as required by the statute.

Let us examine these three grounds in the order in which they are stated. 1. There is no principle of law better settled than that oral testimony is admissible to prove the loss of bonds or notes, and when the fact of loss is satisfactorily established, to prove by the same description of evidence the original existence and contents of the instrument. The

---

Note 50.—Denison v. Ingram, p. 519.

    A decree probating a will is not subject to collateral attack and is conclusive as to all persons, until set aside. Paschal v. Acklin, 27 T., 173; Lewis v. Ames, 44 T., 319; March v. Huyter, 50 T., 243; Whitman v. Haywood. 77 T., 557; Box v. Lawrence, 14 T., 545. A will which has been probated in another State is not open to contest. Poole v. Jackson, 66 T., 380.

legal demand of the payee or bona fide holder is not extinguished by the destruction or loss of the written evidence of his claim; but upon proper proof of its original existence and loss, or destruction, he will be entitled to a recovery. There is some distinction drawn in the authorities, by which the rule is made more rigorous, in relation to negotiable instruments merely lost and not destroyed before falling due, where the maker or acceptor might run the hazard of being compelled to pay the debt again in case the lost instrument should be discovered in the hands of a bona fide holder for a valuable consideration. In such cases it may be necessary to go into a court of equity to obtain a recovery by a tender of proper indemnity. But the general principle is well settled. McNair v. Gilbert, 3 Wend., 344; Wamsly v. Child, 1 Vesey, 341; Long v. Baillie, 2 Camp., 214, note; Jones v. Fales, 5 Mass., 101; Renner v. Bank of Colombia, 9 Wheat., 581. In the latter case the admissibility of parol testimony was resisted, unless the *destruction* of the note had been previously made apparent; but the Supreme Court of the United States overruled the objection, saying that the rule with regard to the admission of secondary evidence is not so restricted—"if the original is *lost* by accident and no fault is imputable to the party, it is sufficient—that every case of this kind must depend in a great measure upon its own circumstances—and the rules of evidence be so applied as to promote the ends of justice and guard against fraud and imposition."

No difficulty can arise in relation to the case now under consideration. The instrument on which the suit was brought has never been transferred out of the hands of the plaintiff, who was the original payee; and being payable to him alone and not to order or to bearer, no suit could hereafter be maintained against the maker except in the name of the payee or his legal representatives. The defendant therefore runs no risk of ever being compelled to pay it over.again, as the judgment in this case could always be pleaded, in bar of any other action, into whomsoever's hands the lost note might fall, or under whatever circumstances.

As to the second ground: It is not denied that the loss of the instrument sued on was fully established; but it is insisted that its original existence was not established by the testimony as sent up to this court in the statement of facts. The loss of the note occurred after the petition was filed and before the trial of the cause; it was particularly described in the petition; it was not in the hands of the plaintiff at the time of its loss, but in those of the attorney who drew the petition; who in his testimony says that the paper lost was the one described in the petition,

Note 51.—Trott v. Patton, p. 522.

Interest is a creature of local law and governed by the law of the place where the contract is made. Huff v. Folger, Dal., 530; Burton v. Anderson, 1 T., 93; Andrews v. Hoxie, 5 T., 171; Davis v. Thorn, 6 T., 482; Willard v. Conduit, 10 T., 213; Bailey v. Heald, 17 T., 102 (holding that as to an indorser the place of indorsement governs); Whitlock v. Castro, 22 T., 108. Prior to Acts of January 18 and 20, 1840 (Gammel's Laws of Texas, vol. 2, pp. 177 and 182), legal rate of interest was 5 per cent. Huff v. Folger, Dal., 530; Chevallier v. Buford, 1 T., 503; Davis v. Thorn, 6 T., 482. See Rev. Stats. 1895, arts. 3097-3107.

and that it was correctly described. Proof of the loss of an instrument, accurately described in the pleadings in court, was sufficient evidence of its original existence to justify the finding of the jury. The existence and loss were both facts proper to be ascertained by the finding of a jury, and we do not feel warranted in reversing the judgment for want of evidence to support the verdict. In addition to this, the defendant in the court below had pleaded nil debet before he was aware of the loss of the note sued on, and the jury were justified in drawing from that circumstance a strong inference of the original existence of the note, for it is reasonable to suppose, that if it did not exist as a genuine instrument at the commencement of the suit, the defendant would have filed the plea of non est factum and thereby put the plaintiff to the proof of its execution.

As to the third point, that the name of the plaintiff was not stated in the petition in the manner required by the statute: This objection comes too late in this court, after the defendant having answered to the merits of the case, a verdict and judgment has been rendered against him. It should have been taken advantage of in abatement, and at the time when the defect—if defect it be—could have been remedied by amendment on motion; and as we are satisfied that there is enough in the record to be pleaded effectually in bar of any other suit on the same instrument, we think the objection wholly untenable. See sec. 16 of the Act to Regulate Proceedings in Civil Suits.

The only serious difficulty which has suggested itself in this case arises out of the fact that the loss of the instrument occurred after the suit was instituted upon it, and no amendment to the petition was directed by the court below, stating the loss of the note, so as to make the proof correspond to the allegations. The authorities upon this point appear to be contradictory. In the case of Smith v. Woodward, 4 East, 585, it was ruled, in debt upon bond, where the plaintiff declared upon the instrument, as if still in existence, and made a profert of it, he could not be permitted to prove the loss of the instrument, which occurred before the institution of his suit; and it was said by the chief justice, that if the loss had occurred after the bond had been declared upon, the plaintiff should move the court to postpone the trial and amend his pleadings to suit the circumstances. But this case has been overruled by the Supreme Court of the United States in the case of Renner v. Bank of Colombia, already cited, in which the judge who delivered the opinion of the court says, on this point: "It is objected lastly, that

---

**Note 52.**—Board of Land Commissioners v. Walling, p. 524.

[1] Mandamus can not be resorted to against the State without its consent. Hosner v. De Young, 1 T., 764; League v. De Young, 2 T., 497; Auditorial Board v. Arles, 15 T., 72, 75; Marshall v. Clark, 22 T., 23; H. T. Ry. Co. v. Randolph, 24 T., 317, 342; Ex parte Towles, 48 T., 413, 447; Taylor v. Hall, 71 T., 206; Thompson v. Baker, 90 T., 163.

[2] State can not be sued in her own courts without her consent, and then only in the manner indicated by special permission. Hosner v. De Young, 1 T., 764; Howard v. McSherry, 2 T., 311; League v. De Young, 2 T., 497; Bryan v. Sundberg, 5 T., 418; Marshall v. Clark, 22 T., 23; Rose v. Governor, 24 T., 496; Treasurer v. Wygall, 46 T., 447; Ex parte Towles, 48 T., 413, 447;

secondary evidence was not admissible without a special count in the declaration upon a lost note. The English practice on this subject has not been adopted in this country, as far as our knowledge of it extends, and to require a special count upon a lost note would be shutting the door against secondary evidence in all cases where the note was lost after declaration filed. We do not think any danger of fraud is to be apprehended from the admission of such evidence, under the usual count upon the note; and the practice of the court below not requiring any special count in such cases, no error was committed in the admission of the evidence."

The English decision seems to be founded upon the necessity existing there of making a profert in curia of a bond, and as the plaintiff could not show the bond upon oyer being craved, it became necessary to amend his declaration, by stating the loss of the bond, and thereby avoid the necessity of making a profert, or of bringing it into court. But in the case under consideration it was not necessary for the plaintiff in the court below to make a profert of the instrument sued on, and we therefore incline to lean on that account—as well as for other considerations unnecessary to be recited—to the American authority, and to decide that in the present case the want of such amendment of the petition is not a sufficient ground for the reversal of the judgment. Let the judgment below be in all things affirmed, with costs.

*Affirmed.*