SAMUEL B. TUTTLE *vs.* LAFAYETTE F. STANDISH & trustees.

The owner of a lost note cannot maintain an action at law against the indorser, in a case where a bond to indemnify the defendant against being called on a second time to pa̅ the note would not afford to him an adequate protection.

CONTRACT against the indorser of a lost note of $500, signed by one Pritchard and given by him as a business note to the defendant, to whose order it was payable, and by whom it was indorsed to one Newell, who transferred it to the plaintiff before its maturity. At the trial in the superior court, before *Morton, J.,* various questions arose which are not now material. The judge directed a verdict to be returned for the plaintiff, and reported the case for the determination of this court.[*]

*G. M. Stearns,* for the plaintiff.

*J. Wells,* for the defendant.

HOAR, J. The principles upon which the right to recover on a lost note depends, have been fully considered in a case which came before us since this case was argued. *Tower* v. *Appleton Bank,* 3 Allen, 387. The general rule is, that where the writing is merely the evidence of a contract, the loss or destruction of the writing does not destroy the cause of action, but renders secondary evidence admissible. But where, from the nature of the contract, the party answerable upon it is entitled to have the writing delivered up to him, for his security, or to enable him to enforce his rights under it, when he is called upon to perform it, as in the case of a negotiable bill or note, if it is lost or destroyed, an action cannot be maintained upon it, unless his rights can be fully secured by a bond of indemnity,

---

[*] This case and the three following cases were argued in September 1861.

or other sufficient security.   In the case of the maker of a nego-
tiable promissory note payable to bearer or indorsed in blank, the
maker being the party ultimately chargeable, the only hazard to
which he is exposed is, that he may be called upon a second time
to pay it to a *bona fide* holder ; and against this risk a bond of
indemnity seems to afford an adequate protection.  The acceptor
of a bill of exchange is in a similar position, except that he may
want the bill as a voucher in his settlement with the drawer.
But even in these cases, the settled doctrine in England and in
New York has been, that the only remedy was in equity, if the
note or bill was lost; their courts considering that a court of
law had no authority to order an indemnity to a defendant, as
a condition of the plaintiff's right to recover.   This doctrine has
been recently modified by statutory provisions.

In the absence of general equity powers, it was early held in
this commonwealth that the owner of a lost note might recover
against the maker, upon giving a bond of indemnity, and that a
court of law might require such a bond to be given.  *Jones* v.
*Fales,* 5  Mass. 101.   *Fales* v. *Russell,* 16  Pick. 315.   *Almy* v.
*Reed,* 10  Cush. 421.   But all the considerations against allow-
ing such a recovery apply more forcibly to the case where pay-
ment is demanded of an indorser ; for he is entitled to the pos-
session of the note, in order to have his recourse over against
the maker.   Story on Notes, § 108.   And see *Smith* v. *Rock-
well,* 2  Hill, (N. Y.) 482.   And it is apparent that a mere bond
of indemnity against being compelled to make a second pay-
ment is usually no sufficient substitute to the indorser for the
production and delivery of the note.   In pursuing his remedy
over, he needs the instrument as the evidence of his own right.
When he has received it from the indorsee by payment, it still
retains its negotiable quality.   He may wish to dispose of it to
a purchaser.   If he may do this by an indorsement on a copy,
when the original is lost, how is he to transfer or preserve the
evidence necessary to make it available ?   He may have occa-
sion to transmit it for collection to distant places, and the mass
of evidence to supply its place is by no means equally trans-
missible, or equally permanent.   If he sues the maker he is not

only put to additional trouble and inconvenience in establishing his claim, but is obliged in his turn to furnish a bond of indemnity. There are many cases in which it is difficult to see how a complete equivalent for all that he loses in the loss of the paper can be secured to him.

It is very evident that if one is bound by contract to furnish a negotiable note to another, it would be no legal or equitable performance of that obligation to furnish evidence that the note has been lost or destroyed, and to assign the mere right of property in the contract of which the missing paper was the evidence.

There was no case cited at the argument in which there had been a recovery at law against an indorser on a lost note. In *Jones* v. *Fales*, 5 Mass. 101, the action was upon several notes; and a part of them were indorsed by the defendant, and on the others he was promisor. The court in their opinion make no distinction as to his liability in these different capacities. But it is to be observed of that case, 1. That no point respecting such a distinction was made or presented to the court; 2. That the notes were lost from the files of the court, so that one party was no more responsible for the loss than the other; and 3. That the notes were found before any judgment was rendered. It is not therefore an authority of much weight upon the question now before us. In *Freeman* v. *Boynton*, 7 Mass. 486, it was said by Mr. Justice Parker that a demand on the maker upon a lost note would be sufficient to charge the indorser, if accompanied with a tender of sufficient indemnity; which would seem to imply that a claim upon it might be maintained against the indorser; but the point was not decided.

In *Renner* v. *Bank of Columbia*, 9 Wheat. 581, a judgment was recovered against an indorser upon a lost note; but no point was made of any distinction between his case and that of a promisor. In that case, also, it appeared that there had been a previous suit against the maker, in which the note had been used.

Considering the point an open one in this commonwealth, we do not mean to say that the reasoning of the court in *Fales* v.

*Russell* is not, in many cases, as applicable to the case of an indorser as of a promisor. If, for example, the note were proved to have been made for the accommodation of the indorser, a simple bond of indemnity might be a sufficient protection to the defendant. If the holder had previously recovered a judgment against the maker, an assignment of the judgment, with such a bond, might secure his rights substantially. And these securities might perhaps be as well afforded in a suit at law, as a condition of the issuing of an execution, as in a suit in equity. But with the full equity jurisdiction now existing in Massachusetts, it cannot be necessary to attempt to extend the functions of a court of law to any doubtful cases, for which equity affords a more appropriate remedy. That jurisdiction allows so much greater latitude in adapting its processes and decrees to the particular circumstances of each case, that, with its power of embracing and adjusting in one suit the rights and claims of all parties in interest, it seems to furnish the proper tribunal for the prosecution of a claim like that which we are now considering. A simple bond of indemnity would not be an adequate protection to the defendant; and it would be a novel, and as it seems to us an impracticable course, to attempt to devise and impose an obligation on the plaintiff to do all the affirmative and positive acts which the assertion of the defendant's rights against the maker of the note might hereafter require.

Whether even a court of equity could give relief, might depend upon circumstances not fully developed.

The objection to the plaintiff's recovery not being the want of an original cause of action, nor that the cause of action has been extinguished, but that he is unable, perhaps by a misfortune only temporary, to produce the paper necessary as the foundation of a judgment, it seems to us that he should have the election to become nonsuit, if he shall be so advised; otherwise the verdict to be set aside and judgment entered upon the report for the defendant.